UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

24-20075-CR-ALTONAGA/REID
Case No. _____

18 U.S.C. § 371
18 U.S.C. § 554
18 U.S.C. § 981
22 U.S.C. § 401

FILED BY ____MP____ D.C.

Feb 29, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

GABRIEL DONATO-MENDEZ,

Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. In furtherance of the national security and foreign policy interests of the United States, the United States regulates and restricts the export of arms, munitions, implements of war, and defense articles, pursuant to the Arms Export Control Act (the "AECA"), codified at Title 22, United States Code, Section 2778. Executive Order 13637 delegates this authority to the Secretary of State.

2. The Department of State's Directorate of Defense Trade Controls ("DDTC") is responsible for regulating the export and temporary import of defense articles and services governed by the AECA and Executive Order 13637.

3. The AECA and its attendant regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120-130, require a person to apply for and obtain an export

license from DDTC before exporting defense articles or defense services from the United States (22 U.S.C. §§ 2778(b)(2)). It is unlawful for anyone to willfully violate any provision of 22 U.S.C. § 2778 or any rule or regulation issued under that section. *See* 22 U.S.C. § 2778(c). Specifically, it is a crime for any exporter willfully to fail to obtain an export license before exporting a defense article to another country. *See* 22 U.S.C. § 2778(c) and 22 C.F.R. § 127.1(a)(1). Pursuant to the ITAR, it is a violation for a person to conspire to export or to cause to be exported any defense article without a license. *See* 22 C.F.R. § 127.1. It is also unlawful for any person to "knowingly or willfully attempt, solicit, cause, or aid, abet, counsel, demand, induce, procure, or permit the commission of any act prohibited by 22 U.S.C. § 2778," or any regulation issued there under. 22 C.F.R. § 127.1(e).

4. The definition of "export" in 22 C.F.R. § 120.17(a) includes the sending or taking of a defense article out of the United States in any manner.

5. In the application for an export license, an exporter is required to state, among other things, the nature of the defense article to be exported, the end recipient of the defense article, and the purpose for which the defense article is intended. The DDTC considers these factors in determining whether the export of the defense article would further the security and foreign policy interests of the United States, or would otherwise affect world peace.

6. The Department of State, with the concurrence of the Department of Defense, designates articles as "defense articles" on the United States Munitions List ("USML"), which are subject to these licensing requirements.

7. "Defense articles" designated on the USML, as that term is used in 22 U.S.C. § 2778(b)(2) and the ITAR, include assorted classifications of conventional weapons, including firearms, ammunition, and related devices.

8. Non-automatic and semi-automatic firearms up to .50 caliber inclusive (12.7 mm) are defense articles within USML Category I(a). In addition, USML Category I(g) includes "[b]arrels, cylinders, receivers (frames) or complete breech mechanisms" for such firearms, and Category I(h) includes "[c]omponents, parts, accessories and attachments" for such articles. A person seeking to export such defense articles on the USML from the United States has to first register with the DDTC and apply for and receive an export license or other written prior approval.

9. An AR-15 Rifle Kit 10" Quadrail 1 x 8 Upper Assembled w/80% Lower Receiver was designated on the USML as a Category I defense article and required an export license from the DDTC to export from the United States to a place outside thereof.

10. A person seeking to export such defense articles on the USML from the United States was required to register with the DDTC and obtain individual export licenses for each shipment abroad prior to the export. It was unlawful to export or attempt to export defense articles on the USML without a license or written authorization from the DDTC.

11. At no time did the defendant, **GABRIEL DONATO-MENDEZ**, or his co-conspirators register with, apply for, or receive an export license or written authorization from the DDTC to export defense articles designated on the USML.

**COUNT 1**
**Conspiracy to Commit Offenses Against the United States**
**(18 U.S.C. § 371)**

1. The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about January 12, 2019, through on or about March 4, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GABRIEL DONATO-MENDEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit offenses against the United States, that is, to fraudulently and knowingly export and send from the United States to a place outside thereof, that is, Costa Rica, any merchandise, article, and object, that is, firearm parts that were on the USML, and to conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Parts 120 - 130; in violation of Title 18, United States Code, Section 554(a).

## OBJECT AND PURPOSE OF THE CONSPIRACY

3. It was the object and purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by purchasing firearm parts, concealing the firearm parts in packages, and exporting those packages from the United States without first obtaining a license for export from DDTC as required by law.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things, the following:

1. **GABRIEL DONATO-MENDEZ** purchased and otherwise attempted to acquire firearm parts in the United States.

2. **GABRIEL DONATO-MENDEZ** concealed the firearm parts in packages, which **GABRIEL DONATO-MENDEZ** and his co-conspirators then attempted to cause to be shipped to Costa Rica, from the Southern District of Florida.

3.      Neither **GABRIEL DONATO-MENDEZ** nor any of his conspirators obtained export licenses from DDTC prior to attempting to export the firearm parts, as required by law.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.      On or about January 12, 2019, **GABRIEL DONATO-MENDEZ** attempted to order and purchase firearm parts from Store 1, a firearm parts store located in St. Lucie, Florida, for the purpose of exporting them out of the United States to Costa Rica.

2.      On or about February 28, 2019, after Store 1 informed **GABRIEL DONATO-MENDEZ** in writing on or about January 15, 2019 that an export license was required to export the firearm parts, he ordered firearm parts from Store 2, a firearm parts store in Holly Hill, Florida.

3.      On or about March 4, 2019, **GABRIEL DONATO-MENDEZ** paid for, and received, firearm parts from Store 2.

4.      On or about March 4, 2019, **GABRIEL DONATO-MENDEZ** purchased packaging material from a United States Post Office.

5.      On or about March 4, 2019, **GABRIEL DONATO-MENDEZ** delivered approximately seven (7) packages containing the firearm parts to a freight forwarder in Miami, Florida.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Smuggling Goods Outside the United States**
**(18 U.S.C. § 554)**

5

1. The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about March 4, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GABRIEL DONATO-MENDEZ**,

did fraudulently and knowingly attempt to export and send from the United States to a place outside thereof, that is, Costa Rica, any merchandise, article, and object, that is, firearm parts on the USML, and did conceal and facilitate transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Parts 120 - 130; in violation of Title 18, United States Code, Sections 554(a), and 2.

3. It is further alleged that the firearm parts are approximately thirty-four (34) AR-15 Rifle Kits 10" Quadrail 1 x 8 Upper Assembled w/80% Lower Receiver.

**FORFEITURE ALLEGATIONS**
**(18 U.S.C. § 981(a)(1)(C))**
**(22 U.S.C. § 401)**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GABRIEL DONATO-MENDEZ**, has an interest.

2. Upon conviction of Title 18, United States Code 554, or conspiracy to commit such a violation, as alleged in this Indictment, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as

incorporated by Title 28, United States Code, Section 2461(c), and the provisions of Title 21, United States Code, Section 853.

3. Upon conviction of a violation of Title 22, United States Code, Section 2778, or conspiracy to commit such a violation, as alleged in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, in violation of Title 22, United States Code, Section 2778, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the provisions of Title 21, United States Code, Section 853; and any arm or munition of war, other article or commodity, and any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export same, pursuant to Title 22, United States Code, Section 401.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 22, United States Code, Section 401, and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DANIEL ROSENFELD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GABRIEL DONATO-MENDEZ,

_____/
Defendant.

CASE NO.: 24-20075-CR-ALTONAGA/REID

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __4-5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: *[signature]*
Daniel Rosenfeld
Assistant United States Attorney
Court ID No. A5503081

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GABRIEL DONATO-MENDEZ

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $ 250,000**

Count #: 2

Smuggling goods from the United States

Title 18, United States Code, Section 554
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $ 250,000**

*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.